IGNACIA S. MORENO, Assistant Attorney General
SETH M. BARSKY, Chief
DANIEL J. POLLAK, Trial Attorney (Cal. Bar 264285)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0201 (tel)
(202) 305-0275 (fax)

Attorneys for Federal Defendants


JACLYN LOPEZ (Cal. Bar No. 258589)
LISA T. BELENKY (Cal. Bar No. 203225)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682 x. 305
Fax: (415) 436-9683


Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY THE BAY INSTITUTE<br><br>Plaintiffs,<br><br>v.<br><br>KEN SALAZAR, SECRETARY OF DEPARTMENT OF INTERIOR, and U.S. FISH AND WILDLIFE SERVICE;<br><br>Defendants. | CASE NO. 3:09-cv-05370-MHP<br><br>STIPULATED SETTLEMENT AGREEMENT |

This Stipulated Settlement Agreement is entered into by Plaintiffs, Center for Biological Diversity and The Bay Institute (collectively "Plaintiffs") and Defendants, the United States Fish and Wildlife Service ("the Service") and Ken Salazar, Secretary of the United States Department of the Interior (collectively "Defendants").

WHEREAS, on August 8, 2007, the Service received a petition from Plaintiffs to list the San Francisco Bay-Delta ("SFBD") population of longfin smelt (*Spirinchus thaleichtys*) under the Endangered Species Act ("ESA") as a threatened or endangered distinct population segment ("DPS") and designate critical habitat for the species;

WHEREAS, on May 6, 2008, the Service published an initial positive 90-day finding pursuant to 16 U.S.C. § 1533(b)(3)(A) concluding that the petition provided substantial information indicating that listing the SFBD population of longfin smelt as a DPS may be warranted, and initiated a status review.  *See* 73 Fed. Reg. 24911;

WHEREAS, on April 9, 2009, the Service published a finding pursuant to 16 U.S.C. § 1533(b)(3)(B) ("12-month finding") concluding that listing the SFBD population of longfin smelt was not warranted because it did not meet the definition of a DPS and therefore did not constitute a listable entity under the ESA.  *See* 74 Fed. Reg. 16169;

WHEREAS, in the April 9, 2009 12-month finding, the Service stated that it was "initiating a range wide status assessment of the longfin smelt" throughout its range in Alaska, Canada, Washington, Oregon, and California, and would also evaluate "whether the best available scientific information suggests that the San Francisco Bay-Delta population of the longfin smelt may be considered to occupy a significant portion of the range ("SPR"), and institute appropriate action."  Id. at 16174;

WHEREAS, on November 13, 2009, Plaintiffs filed their Complaint in this case, alleging that the Service's April 9, 2009 12-month finding violated the ESA and was arbitrary and capricious in concluding that the SFBD population of longfin smelt did not meet the definition of a DPS, and in concluding that listing the SFBD population as threatened or endangered was not warranted;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The Service will complete a new 12-month finding on the longfin smelt by September 30, 2011,[1] based on the rangewide status review of the longfin smelt that is currently underway. This status review will be conducted consistent with all statutory requirements of Section 4 of the ESA and appropriate Service policy.

2. In the event that the Service determines in the course of the status review referenced in Paragraph 1 that the longfin smelt rangewide does not warrant listing as threatened or endangered in all or a significant portion of its range, the Service will, in the same 12-month finding to be completed by September 30, 2011, consider whether any population of longfin smelt qualifies as a DPS.  In considering whether any population of longfin smelt qualifies as a DPS, the Service will reconsider whether the SFBD population of the longfin smelt constitutes a distinct population segment.

3. If the Service concludes in the status review referenced in Paragraphs 1-2 that one or more populations of longfin smelt constitute a DPS, the 12-month finding will include a 5-factor analysis on the qualifying population(s) to determine whether listing is warranted.

---

[1] 12-month finding refers to the agency's published determination of whether the petitioned action is warranted, not warranted, or warranted-but-precluded, after evaluating the status of a species. 16 U.S.C. § 1533(b)(3)(B).

4.  The Service will, within 60 days from the date of court approval of this Agreement, submit a public notice of the initiation of the status review referenced in Paragraphs 1-3 for publication in the Federal Register to open an official public comment period.

5.  This Agreement only requires the Defendants to take actions by the deadlines specified in paragraphs 1-4 and does not limit the Defendants' authority with regard to the substantive outcome of any determinations.  To challenge any final determination issued in accordance with this Agreement, Plaintiffs will be required to file a separate action.  Plaintiffs do not waive their ability to challenge substantive decisions made by the Defendants pursuant to paragraphs 1-4, above, and Defendants do not waive any applicable defenses.

6.  The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in paragraphs 1-4, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court.  If the parties are unable to resolve the claim after meeting and conferring, either party may pursue relief from the Court.

7.  No party shall use this Agreement or the terms herein as evidence of what does or does not constitute lawful evaluation of an ESA Section 4 listing proposal, or a lawful timetable

therefore, in any other proceeding involving the Defendants' implementation of the ESA or any other statute.

8.   Defendants agree that Plaintiffs are the "prevailing party" in this action, and agree to pay to Plaintiffs' reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540(g).  Therefore, Defendants agree to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for a total of $17,880.  A check will be made payable in that amount to Center for Biological Diversity and transmitted to Jaclyn Lopez, Center for Biological Diversity, 351 California Street, Suite 600, San Francisco, CA 94104.

9.   Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this Agreement.

10.   Plaintiffs agree to accept payment of $17,880 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, up to and including the date of this Agreement.  Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

11.   The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in paragraphs 1-4, or for any other unforeseen continuation of this action.  By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation,

or continuation of the present action.  Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

12.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

13.  Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that the Federal Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

14.  The parties agree that this Agreement was negotiated in good faith and constitutes a settlement of claims that were disputed by the parties.  By entering into this Agreement no party waives any claim or defense, except as expressly stated herein.

15.  The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

16.  The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

17.  Upon entry of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms, until the 12-month finding referenced in Paragraphs 1-3 is published in the Federal Register. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 1st day of February, 2011,


IGNACIA S. MORENO, Assistant Attorney General
SETH M. BARSKY, Assistant Chief

*/s/ Daniel J. Pollak*
DANIEL J. POLLAK (Cal. Bar No. 264285)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0201
Fax: (202) 305-0275
Email: daniel.pollak@usdoj.gov

Attorneys for Federal Defendants


*/s/  Jaclyn M. Lopez* (with permission)
JACLYN M. LOPEZ (Cal. Bar No. 258589)
LISA T. BELENKY (Cal. Bar No. 203225)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436- 9682 x. 305
Fax: (415) 436- 9683
Email: jlopez@biologicaldiversity.org
lbelenky@biologicaldiversity.org

Attorneys for Plaintiffs

1

2    PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4    Dated: February 1 ___, 2011

5                                                    _____
                                                     Honorable Marilyn H. P
6                                                    United States District Ju

7

*IT IS SO ORDERED*

*Judge Marilyn H. Patel*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st Day of February, 2011, I caused a copy of the foregoing Stipulated Settlement Agreement to be served on the counsel of record by means of the Court's electronic filing system:

Jaclyn M. Lopez
jlopez@biologicaldiversity.org

Lisa T. Belenky
lbelenky@biologicaldiversity.org

                                          */s/ Daniel Pollak*
                                          DANIEL POLLAK